UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GLEN BROEMER,

Plaintiffs,

v.

CENTRAL INTELLIGENCE AGENCY, and DOES 1-20,

Defendants.

Civil No. 00-1567 (DWF/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff Glen Broemer's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 3), by which he is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the IFP application be denied, and that the action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted, or if the plaintiff is seeking money damages from a party who is immune from suit. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and

FILED JUL 06 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

In this case, Plaintiff has not filed any document that is clearly identifiable as a complaint. In an effort to give him the benefit of liberal construction, however, the Court has reviewed and considered all of Plaintiff's various submissions in this matter. Reading all of those submissions together, it appears that Plaintiff is attempting to sue the United States Central Intelligence Agency, ("CIA"), for allegedly violating his federal constitutional rights.[2]

Plaintiff apparently is attempting to bring this action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which allows citizens to seek relief for violations of their constitutional rights caused by parties acting under color of federal law. It is well-settled, however, that Bivens allows a plaintiff to sue only individuals who allegedly violated his or her constitutional rights while acting under color of federal law. Bivens does not authorize suits directly against the United States or

---

therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

[2] The caption of Plaintiff's self-styled "Request for Temporary Restraining Order; Request for Preliminary Injunction; Request for Injunctive Relief; Request for Declaratory Relief," (Docket No. 1), lists "Does 1-20" as additional defendants. However, Plaintiff's submissions do not provide any further identification of Does 1-20, nor do they describe any specific acts or omissions by any of the "Doe defendants" that would give rise to any actionable claim for relief against any of them. Thus, the only identifiable Defendant who allegedly violated Plaintiff's constitutional rights (or other legal rights) is the CIA itself.

any of its agencies for alleged constitutional misconduct. Schutterle v. U.S., 74 F.3d 846, 848 (8th Cir.), cert. denied, 116 S.Ct. 1829 (1996); Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983).

The federal government itself cannot be sued in a Bivens action, because it is immune from such suits under the doctrine of sovereign immunity. See Manypenny v. U.S., 948 F.2d 1057, 1063 (8th Cir. 1991). The United States and its agencies, such as the CIA, can be sued only if the federal government has waived its immunity. Id. Furthermore, any such waiver must be "expressed unequivocally" by Congress. Id. Plaintiff has not cited, and the Court is not aware of, any express congressional authorization for a suit such as the one that Plaintiff is attempting to bring here. Thus, the Court concludes that Plaintiff's present attempt to sue the CIA under Bivens (or under any other legal theory) is barred by the doctrine of sovereign immunity.

For the reasons discussed above, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to § 1915(e)(2)(B)(ii) and (iii). The Court finally notes that if Plaintiff is seeking some type of immediate injunctive relief, (see "Request for Temporary Restraining Order; Request for Preliminary Injunction; Request for Injunctive Relief; Request for Declaratory Relief," [Docket No. 1]), his request must be summarily denied, because he has failed to plead any legally cognizable cause of action.

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 3), be DENIED;

2. Plaintiff's self-styled "Request for Temporary Restraining Order; Request for Preliminary Injunction; Request for Injunctive Relief; Request for Declaratory Relief," (Docket No. 1), be DENIED; and

3. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Dated: July 5th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.