**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Glen Broemer,

Plaintiff,

v.

Central Intelligence Agency and
Does, 1-20,

Defendants.

Civil No. 00-1567 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Glen Broemer, Pro Se, P.O. Box 19171, Minneapolis, MN 55419, Plaintiff.

---

This matter is before the Court upon Plaintiff's request to amend his Complaint and to have the Court reconsider its denial of Plaintiff's application to proceed *in forma pauperis*. The Court would have granted Plaintiff's motion to amend his Complaint, as he has the right to amend his Complaint once as a matter of course. However, amendment of the Complaint would not alter the Court's conclusion that Plaintiff's application to proceed *in forma pauperis* should be denied and thus the Complaint dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Mr. Broemer filed his initial Complaint against the Central Intelligence Agency ("CIA") and a number of unspecified agents of the CIA alleging a variety of Constitutional violations. In his Complaint, Mr. Broemer alleged that the CIA used coercive tactics to recruit Mr. Broemer and had subsequently employed agents to torment Mr. Broemer, having him involuntarily committed for psychiatric evaluation and depriving him of documentation he needed to commence a lawsuit against the CIA. In his July 5, 2000, Report and Recommendation, Magistrate Judge Arthur Boylan noted

FILED AUG 30 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

that Mr. Broemer could not sue the CIA itself because the agency was protected by sovereign immunity.

While simultaneously objecting to the Magistrate Judge's Report and Recommendation, Mr. Broemer moved to amend his Complaint to specify the agents responsible for deprivation of his civil rights. Mr. Broemer sought to amend the Complaint to assert his causes of action against his sisters, Dawn Broemer and Laura Wallick, who Mr. Broemer claims are agents of the CIA.

The Court adopted the Report and Recommendation of Magistrate Judge Boylan and dismissed Mr. Broemer's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). The Court did not address Mr. Broemer's motion to amend his Complaint. Mr. Broemer subsequently notified the Court of this oversight and requested that the Court address his motion to amend and its implications for his application to proceed *in forma pauperis*.

In *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), the Supreme Court stated:

> a court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful" and "delusional." As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.

(Citations omitted.) The Court finds that Mr. Broemer's allegations--that he and his sisters are all CIA agents, that his sisters were acting in their capacity as CIA agents when they sought to commit him for psychiatric evaluation, and that the emergency room physicians who committed him for observation were conspiring with the CIA or were otherwise complicit in some CIA action--cross the line between merely "unlikely" and truly "delusional."

The Court notes that, contrary to Mr. Broemer's asserted concerns, the Court has had no response from or contact with the CIA, any agents thereof, or his sisters. The record before the

Court consists solely of the Complaint, the Amended Complaint, and correspondence from Mr. Broemer. The Court's conclusions are not based on any "judicially noticeable facts," but rather upon an examination of Mr. Broemer's claims, themselves.

The Court thus determines that Mr. Broemer's proposed Amended Complaint would not alter the Court's conclusions regarding his application to proceed *in forma pauperis*. If Mr. Broemer were to amend his Complaint, the Court would nevertheless deny his application to proceed *in forma pauperis* and would dismiss his Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**ORDER**

1. The Court's Order of July 27, 2000, is amended to specify that the action is summarily **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

Dated: August 30, 2000

DONOVAN W. FRANK
Judge of United States District Court