**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Glen Broemer, Civil No. 00-1567 (DWF/AJB)

Plaintiff,

v. **ORDER**

Central Intelligence Agency and
Does, 1-20,

Defendants.

---

Glen Broemer, Pro Se, P.O. Box 19171, Minneapolis, MN 55419, Plaintiff.

---

Plaintiff filed a Notice of Appeal in this matter on August 22, 2000. (Doc. No. 10.) He did not pay the $105 filing fee for his appeal, but instead filed an application for leave to proceed *in forma pauperis* ("IFP") on appeal. (Doc. No. 11.) For the reasons discussed below, Plaintiff's IFP application will be denied.

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. *See also* Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay full filing fee. 28 U.S.C. § 1915(a)(1).

Even if a litigant is found to be financially eligible for IFP status, an IFP application will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45

FILED SEP 11 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

(1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the instant case, it is not necessary to decide whether Plaintiff is financially eligible for IFP status, because the Court has previously determined that his claims are frivolous. (*See* Order dated September 8, 2000; Doc. No. 12.) Relying on *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), the Court concluded that Plaintiff should not be allowed to proceed IFP at the district court level, because his claims "cross the line between merely 'unlikely' and truly 'delusional.'" (*Id.* at p. 2.)

Based on the Court's prior determination that Plaintiff's claims are frivolous, the Court now finds that Plaintiff's attempt to pursue those claims on appeal is also frivolous. Thus, the Court certifies that Plaintiff's appeal is not taken in good faith. It follows that his application seeking leave to proceed IFP on appeal must be denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Plaintiff's application to proceed *in forma pauperis* on appeal (Doc. No. 11) is **DENIED**.

Dated: September 11th, 2000

DONOVAN W. FRANK
Judge of United States District Court

FILED
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK